UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION


DEBRA M. SULLIVAN RAMIREZ          :          DOCKET NO 2:09 CV 1713

VS.                                :          JUDGE MINALDI

STEPHEN J. GUILLORY ET AL.         :          MAGISTRATE JUDGE KAY


REPORT AND RECOMMENDATION


On September 23, 2009, Plaintiff, Debra M. Sullivan Ramirez, filed this complaint in proper person against the above named defendants for damages arising out of an automobile accident. This matter is before the court on Plaintiff's Motion for Extension of Time to Take a Default. Doc. 9. For the following reasons, Plaintiff's Motion is DENIED, and this case is DISMISSED for lack of subject-matter jurisdiction.

BACKGROUND

Plaintiff's complaint seeks damages in an amount of $150,000 for injuries sustained in an automobile accident, a cause of action arising under state tort law. Plaintiff alleges that she is a citizen of the State of Louisiana and that both named individual defendants are citizens of the State of Louisiana.[1] Her complaint is silent in regard to jurisdiction. According to the civil cover sheet submitted by Plaintiff in conjunction with the complaint, jurisdiction of this court is invoked pursuant to 28 USC § 1345, the plaintiff is the United States government. [2]

---

[1] The record reflects that defendants Stephen J. Guillory and Newton B. Smith were both personally served in Lake Charles, Louisiana. Doc.6.
[2] 28 USC § 1345 provides "…the district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States, or by any agency or officer therof expressly authorized to sue by Act

1

On February 17, 2019, under the authority of Local Rule 41.3W, the Clerk of Court issued a Notice of Intent to Dismiss the action for failure to prosecute.  Doc. 8.  In response, Plaintiff filed the motion which is currently before this court.  Upon examination of the complaint and the record as a whole, this court has determined that it does not have subject-matter jurisdiction over plaintiff's claim and must therefore dismiss the action *sua sponte.*

### LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court.  *Avitts v. Amoco Production Co.,* 53 F.3d 690, 693 (5th Cir. 1995).  Subject matter jurisdiction may not be waived, and the district court shall dismiss the action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.  It is the duty of the district court, at any level of the proceeding, to dismiss plaintiff's action *sua sponte* for failure of federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss.  2 *Moore's Federal Practice,* § 12.30 (Matthew Bender 3d ed.), *Howard v. Lemmons,* 547 F.2d 290, n. 1 (5th Cir. 1977).

Plaintiff's complaint fails to provide any basis for federal subject-matter jurisdiction.  Although the cover sheet alleges jurisdiction under 28 USC § 1345, the United States government as the plaintiff, this is clearly not the case.  Plaintiff has chosen to pursue a state court cause of action against non-diverse defendants.  This Court has no authority to render judgment in this matter and must therefore dismiss for lack of subject matter jurisdiction.

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Extension of Time to Take a

of Congress."

2

Default be **DENIED**.

      **IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of subject-matter jurisdiction.

      Lake Charles, Louisiana, this 14th day of May, 2010.

                                     KATHLEEN KAY
                    UNITED STATES MAGISTRATE JUDGE

3